

Exhibit A

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

Lois Woods and Michael
Woods,

        Plaintiffs,

vs.

        Civil Action No. 18-C- 156

        Judge Hemmel

Wal-Mart Stores, Inc., Cott Corporation,
Cott Beverages, Inc., Refresco Group, N.V.,
and Refresco Beverages US, Inc.

        Defendants.

## **COMPLAINT**
### (Introduction)

Plaintiffs are making a claim for personal and bodily injury they sustained as a result of

an incident which occurred on July 30, 2016, in Marshall County, West Virginia, wherein the

rim of a Great Value Sparkling Lemonade Low Calorie soda pop can failed causing the can

loudly exploded with the rim forcibly hitting Lois Wood in the side of the head.  Lois Woods

purchased the soda pop can at Wal-Mart Supercenter Store No. 2852 in Moundsville, Marshall

County, West Virginia.  The soda pop can was distributed by Wal-Mart Stores, Inc.  It was

manufactured, sold, and marketed by Cott Corporation and/or Cott Beverages, Inc.  Cott

Corporation later sold Cott Beverages, Inc., to Refresco Group, N.V.; with Cott Beverages, Inc.

changing its name to Refresco Beverages US, Inc.  The Refresco parties are being named in this

lawsuit out an abundance of caution, and, for example, if Refresco Group, N.V., and/or Refresco

Beverages, US, Inc. did not purchase the liabilities of Cott Corporation and/or Cott Beverages,

Inc. as it relates to issues raised in this case, they will be dismissed; *visa versa* with respect to

Cott Corporation and/or Cott Beverages, Inc.  Lois Woods sustained a head injury, permanent

hearing loss and incurred physical and emotional injury as direct and proximate result of being

hit in the head by the rim of the exploding soda pop can.  In this regard, plaintiff respectfully

alleges as follows; photographs of the can after it exploded are displayed below:













## COUNT ONE

1)       Plaintiffs Lois Woods and Michael Woods were and are husband and wife, residing in Marshall County, West Virginia;

7

2)      Defendant Wal-Mart Stores, Inc. is a foreign corporation with it primary executive offices located 708 SW 8th Street, Bentonville, Arkansas.  At all relevant times hereto, Wal-Mart Stores, Inc., was doing business in Marshall County, West Virginia, and was operating a store in Moundsville, Marshall County, West Virginia known as Wal-Mart Supercenter Store No. 2852;

3)      Defendant Cott Corporation is a foreign corporation with it primary executive offices located at 4221 West Boy Scout Blvd, Suite 400, Tampa Florida.  At all relevant times hereto Cott Corporation generated substantial revenue in West Virginia,  including Marshall County, by continuously and systematically selling, marketing, distributing and delivering a substantial amount of products it manufactures or otherwise sells, markets and distributes.

4)      Defendant Cott Beverages, Inc., is a foreign corporation with it primary executive offices located at 8112 Woodland Center Blvd, Tampa Florida.  At all relevant times hereto Cott Beverages, Inc., which had a registered statutory agent in the state of West Virginia, generated substantial revenue in West Virginia,  including Marshall County, by continuously and systematically sell, marketing, distributing and delivering a substantial amount of products it manufactures or otherwise sells, markets and distributes.

5)      Defendant Refresco Group N.V. is a foreign corporation with its wholly owned subsidiary, Refresco Beverages US, Inc., has its primary executive offices located at 8112 Woodland Center Blvd, Tampa Florida.  Refresco Group N.V., and Refresco Beverages US, Inc., which has a registered statutory agent in the state of West Virginia, generated substantial revenue

8

in West Virginia, including Marshall County, by continuously and systematically selling, marketing, distributing and delivering a substantial amount of products it manufactures or otherwise sells, markets and distributes.  Pursuant to a share purchase agreement dated July 24, 2017, and finalized on January 30, 2018, Refresco Group N.V., purchased Cott Beverages, Inc., from Cott Corporation, and changed the name of Cott Beverage Inc. to Refresco Beverages US, Inc.. Refresco Group, N.V., and/or Refresco Beverages US, Inc., assumed the liabilities of Cott Beverages, Inc. and/or Cott Corporation as it relates to the defective Great Value soda pop can at issue in this case and which is the subject of this Complaint

6)      At all relevant times hereto defendant Wal-Mart Stores, Inc. was the seller, distributor and deliverer of the defective Great Value soda pop can at issue in this case, as referred to in the Introduction to this complaint.  Wal-Mart Stores, Inc., in Marshall County, West Virginia, distributed, sold, marketed and warranted the subject soda pop can at issue in this case to plaintiff Lois Woods.  Among other things, Wal-Mart Stores, Inc. submitted itself to the jurisdiction of this court by doing, personally and through its agents, at all relevant times material to this cause of action, the following acts:

    a.  Committing a tortious act within this state by selling, marketing, distributing and/or delivering a defective soda pop can for placement into the West Virginia stream of commerce for ultimate users;

    b.  By selling, marketing, distributing and/or delivering a defective soda pop can to or for persons, firms and/or corporations in this state knowing that the subject soda pop can would be purchased and used by West Virginia consumers in the ordinary course of commerce and trade;

    c.  The acts or omissions of said defendant caused injuries to persons in West Virginia, including Lois Woods and Michael Woods;

    d.  By engaging in the solicitation of activities in West Virginia to promote the selling, marketing, distributing and/or delivering of Great Value soda pop,

9

including the defective Great Value soda pop can at issue in this case which is the subject of this Complaint; and

e. By selling, marketing, distributing and/or delivering Great Value soda pop, including the defective can at issue in this case which is the subject of this Complaint, with knowledge or reason to foresee that the soda pop can would be shipped in interstate commerce and would reach the market of West Virginia users or consumers.

7)     At all relevant times hereto defendant Cott Corporation was the manufacturer and seller, marketer, distributor and deliverer of the defective Great Value soda pop can at issue in this case as referred to in the Introduction to this complaint. Cott Corportion, in Marshall County, West Virginia, distributed, sold, marketed and warranted the subject soda pop can at issue in this case to plaintiff Lois Woods. Among other things, Wal-Mart Stores, Inc. submitted itself to the jurisdiction of this court by doing, personally and through its agents, at all relevant times material to this cause of action, the following acts:

a. Committing a tortious act within this state by selling, marketing, distributing and/or delivering a defective soda pop can for placement into the West Virginia stream of commerce for ultimate users;

b. By selling, marketing, distributing and/or delivering a defective soda pop can to or for persons, firms and/or corporations in this state knowing that the subject soda pop can would be purchased and used by West Virginia consumers in the ordinary course of commerce and trade;

c. The acts or omissions of said defendant caused injuries to persons in West Virginia, including Lois Woods and Michael Woods;

d. By engaging in the solicitation of activities in West Virginia to promote the selling, marketing, distributing and/or delivering of Great Value soda pop, including the defective can at issue in this case which is the subject of this Complaint; and

e. By selling, marketing, distributing and/or delivering Great Value soda pop, including the defective can at issue in this case which is the subject of this Complaint, with knowledge or reason to foresee that the soda pop can would be shipped in interstate commerce and would reach the market of West Virginia users or consumers.

10

8)   At all relevant times hereto defendant Cott Beverages, Inc., was the manufacturer and seller, marketer, distributor and deliverer of the defective Great Value soda pop can at issue in this case as referred to in the Introduction to this complaint. Cott Beverages, Inc., in Marshall County, West Virginia, distributed, sold, marketed and warranted the subject soda pop can at issue in this case to plaintiff Lois Woods. Among other things, Cott Beverages, Inc., submitted itself to the jurisdiction of this court by doing, personally and through its agents, at all relevant times material to this cause of action, the following acts:

a.   Committing a tortious act within this state by selling, marketing, distributing and/or delivering a defective soda pop can for placement into the West Virginia stream of commerce for ultimate users;

b.   By selling, marketing, distributing and/or delivering a defective soda pop can to or for persons, firms and/or corporations in this state knowing that the subject soda pop can would be purchased and used by West Virginia consumers in the ordinary course of commerce and trade;

c.   The acts or omissions of said defendant caused injuries to persons in West Virginia, including Lois Woods and Michael Woods;

d.   By engaging in the solicitation of activities in West Virginia to promote the selling, marketing, distributing and/or delivering of Great Value soda pop, including the defective can at issue in this case which is the subject of this Complaint; and

e.   By selling, marketing, distributing and/or delivering Great Value soda pop, including the defective can at issue in this case which is the subject of this Complaint, with knowledge or reason to foresee that the soda pop can would be shipped in interstate commerce and would reach the market of West Virginia users or consumers.

9)   At all times relevant hereto, defendant s Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., through its/their duly authorized divisions, subdivisions, agents, servants, and employees, designed, developed, formulated, fabricated, manufactured, inspected, tested, advertised, approved, promoted, marketed, packaged, distributed, delivered supplied and sold the Great Value soda pop can at issue in this case.

11

10)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. knew, or had reason to know, that its/their conduct created a risk of physical harm to consumers of the Great Value soda pop can at issue in this case, including Lois Woods, and proceeded to design, develope, formulate, fabricate, manufacture, inspect, test, advertise, approve, promote, market, package, distribute, deliver, supply and sell the Great Value soda pop can at issue in this case without adequately warning that end user and consuemer, including Lois Woods, not to put the can in circumstances where the contents of the can could be unduly cold or even freeze.

11)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. knew, or had reason to know, that its/their conduct created a risk of physical harm to consumers of the Great Value soda pop can at issue in this case, including Lois Woods, and proceeded to design, develope, formulate, fabricate, manufacture, inspect, test, advertise, approve, promote, market, package, distribute, deliver, supply and sell the Great Value soda pop can at issue in this case without adequately warning that end user and consumer, including Lois Woods, not to put the can in to a freezer.

12)     On July 30, 2016, plaintiff Lois Woods, in Marshall County, West Virginia, attempted to open a Great Value Sparkling Lemonade Low Calorie soda pop can which she had previously purchased at Wal-Mart Supercenter Store No. 2852 in Moundsville, Marshall County, West Virginia.  In the process of opening this can, the rim on the can failed causing the can loudly exploded with the rim forcibly hitting Lois Wood in the side of the head.  Lois Woods sustained a head injury, permanent hearing loss and has suffered and incurred physical and emotional injury and damages as direct and proximate result of being hit in the head by the rim of the exploding soda pop can.

12

13)     Lois Wood was an individual who would be reasonably expected to use the Great Value soda pop can at issue in this case in a manner that was reasonably foreseeable to defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc..

14)     It was reasonably foreseeable to defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. that a reasonable consumer would place the Great Value soda pop can at issue in this case in circumstances where that the contents of the can could get cold or even freeze.

15)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., designed, manufactured, marketed, sold, distributed and delivered the Great Value soda pop can in question in a defective and unreasonably dangerous condition when used as marketed, which defective and unreasonably dangerous condition was a producing and proximate cause of the injuries claimed by Lois Woods and Michael Woods.

16)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., knew or should have known by the exercise of reasonable care that without being properly warned that reasonable consumers such as Lois Woods and Michael Woods would, in the ordinary course of events, presumably use and be exposed to the dangerous defects contained in the subject Great Value soda pop can when the can became so cold that its contents would freeze.

13

17)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., knew or should have known by the exercise of reasonable care that without being properly warned that reasonable consumers such as Lois Woods and Michael Woods would, in the ordinary course of events, presumably use and be exposed to the dangerous defects contained in the Great Value soda pop can at issue in this case when the can became so cold that its contents would freeze.

18)     Because of the dangerous, defective and unsafe condition of the Great Value soda pop at issue in this case at the time it was introduced into the stream of commerce and reached the state of West Virginia, the Great Value soda pop can was not "merchantable" nor was it fit for the particular purpose for which it was intended by its manufacturer and seller to be used.

19)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. breached their respective implied warranties in their marketing, sale, distribution and delivery of the defective Great Value soda pop can at issue in this case.

20)     The design of the Great Value soda pop can at issue in this case failed to incorporate other designs and technologies which could protect consumers from the can exploding when the can got cold.

21)     The Great Value soda pop can at issue in this case was expected by Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. to reach and did reach the user or consumer without substantial change to the condition in which it was sold.

14

22)     The defective and unreasonable dangerous condition of the Great Value soda pop can at issue in this case was a legal cause of Lois Wood's serious and permanent injuries as alleged in this case.

23)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. is/are strictly liable to plaintiffs for injuries and damages caused by the defects and inadequacies in the design and manufacture of the Great Value soda pop can at issue in this case.

24)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. knew or should have known that the subject Great Value soda pop can at issue in this case was defective and not reasonably safe in circumstances where the contents of the can could get cold or even freeze.

25)     Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. knew or should have known, by the exercise of reasonable care, that the subject Great Value soda pop can at issue in this case was not reasonably safe in circumstances where the contents of the can could get cold or even freeze and that consumers such as Lois Woods would, in the ordinary course of events, foreseeably use and be exposed to the dangers and defect in the subject Great Value soda pop can at issue in this case when the contents of the can would get cold or even freeze.

26)     Because of the defective and unsafe design, manufacture and sale of the subject Great Value soda pop can at issue in this case was not reasonably safe, defendants Wal-Mart

15

Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. is/are liable to Lois Woods, and collaterally to Michael Woods, under the doctrine of strict liability.

27) At all times relevant hereto, the negligent conduct of defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., and the defective condition of the Great Value soda pop can at issue in this case, acting through its agents, servants and/or employees, who at all times relevant hereto were acting within the scope of their employment, was the legal and factual cause of the catastrophic and fatal injuries and damages suffered by Lois Woods and, collaterally, Michael Woods.

28) At the time of the occurrence described in this Complaint, the Great Value soda pop can at issue in this case failed to perform properly and in such a fashion as to protect Lois Woods during the foreseeable sequence of events that proximately caused her injuries.

29) Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. knew, or had reason to know, that its/their conduct created a risk of physical harm to consumers of the Great Value soda pop can at issue in this case, including Lois Woods, and proceeded to act with negligent disregard or indifference to that risk and the safety and welfare of the end user consumer, including Lois Woods, by failing to adequately warning that end user consumers not to put the can in circumstances where the contents of the can could be unduly cold or even freeze.

16

30) Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. knew, or had reason to know, that its/their conduct created a risk of physical harm to consumers of the Great Value soda pop can at issue in this case, including Lois Woods, and proceeded to act with negligent disregard or indifference to that risk and the safety and welfare of the end user consumer, including Lois Woods, by failing to adequately warning that end user consumers not to put the can in to a freezer.

31) Defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. negligently withheld from the subject Great Value soda pop can at issue in this case safety protection that defendants knew would reduce the likelihood of serious injury in foreseeable incidents of use, such as circumstances when the contents of the can became cold or even froze.

32) At all times material to this cause of action, defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc. was/were in the business of designing, testing, approving, manufacturing, marketing, distributing, licensing and selling Great Value soda pop, including the defective Great Value soda pop can at issue in this case, for use in West Virginia, and elsewhere throughout the United States.

33) At the time the Great Value soda pop can left the control of Ford, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it.

34) The Great Value soda pop can at issue in this case was not reasonably safe for all foreseeable events and was defective in design, workmanship, construction and manufacture and

17

as a result was defective, unsafe and inadequate for use for which they was made and intended to be used, and should not have been placed into the stream of commerce without adequate and suitable warning to potential purchasers and end user consumers.

35)     The defective Great Value soda pop can at issue in this case did reach a foreseeable end user or consumer without substantial change to the condition it was in when it was sold.

36)     Lois Woods was an adult individual who would be reasonably expected to use the Great Value soda pop can at issue in this case.

37)     As a direct and proximate cause of the wrongful conduct of defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., as described above, plaintiff Lois Woods has sustained injury to her person which caused her to experience freight, shock, anxiety, pain, suffering, aggravation, annoyance and inconvenience, which plaintiff reasonably believes will continue in the future.

38)     As a direct and proximate cause of the wrongful conduct of defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., as described above, plaintiff Lois Woods has received medical care and attention, thereby incurring reasonable and necessary medical expenses, and plaintiff reasonably expects to undergo additional medical care and attention and to incur additional reasonable and necessary medical expenses in the future.

18

39)     As a direct and proximate cause of the wrongful conduct of defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., as described above, plaintiff Lois Woods has experienced a loss of earning capacity, and plaintiff reasonably expects to undergo additional loss of earning capacity in the future.

40)     As a direct and proximate cause of the wrongful conduct of defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., as described above, plaintiff Lois Woods has been unable to enjoy all of the pleasures of life and/or life's customary pursuits and activities to the same extent that she could prior to July 30, 2016, and plaintiff reasonably expects to experience an additional loss of the ability to experience the pleasure life and/or life's customary pursuits and activities in the future.

## COUNT TWO

41)     Plaintiffs hereby incorporate by reference paragraphs 1 thru 40, above, and they treat each and every said paragraph as if it was fully rewritten herein.

42)     As a direct and proximate cause of the wrongful conduct of defendants Wal-Mart Stores, Inc., Cott Corporation and/or Cott Beverages, Inc., as described above, plaintiff Michael Woods has experienced a loss of martial consortium, which Michael Woods reasonably believes will continue in the future.

## COUNT THREE

43)     Plaintiffs hereby incorporate by reference paragraphs 1 thru 42, above, and they treat each and every said paragraph as if it was fully rewritten herein.

19

44)     Defendant Refresco Group, N.V., and Refresco Beverages, US, Inc., respectively are successors in interest to Cott Corporation and/or Cott Beverages, Inc., respectively, as it relates to the assumption of liability for Cott Corporation's and/or Cott Beverages, Inc.'s, respective wrongful acts as it relates to the matters set forth in this complaint, and are individually and/or collectively liable to Lois Woods and Michel Woods for the injuries nad damages sustained by Lois Woods and Michael Woods as a direct and proximate result of the wrongful conduct of either or both Cott Corporation and/or Cott Beverage, Inc. as more fully described above and as may be more fully developed in the future as discovery in this matter proceeds.

**WHEREFORE**, plaintiff Lois Woods respectfully prays that she be awarded judgment against defendants in an amount that will fully and fairly compensate her for all of the damages she is legally permitted to recover in this law suit.  This includes but is not limited to an award for personal and bodily injury, freight, shock, anxiety, pain, suffering, aggravation, annoyance and inconvenience, now and in the future; an award for reasonable and necessary medical expenses incurred as of the time of the trial of this case, plus any additional reasonable and necessary medical expenses to be reasonably incurred by her in the future; an award for loss of earning capacity now and in the future; and an award for the inability to enjoy the pleasures of life and/or life's customary pursuits and activities to the same extent that she could prior to July 30, 2016, prior to the trial of this case plus any such loss reasonably expected to be experienced by her in the future.  Plaintiff Lois Woods also seeks any and all other relief, either general or special, including but not limited to exemplary damages should the evidence so warrant the same, reasonable attorney fees, court costs, and litigation expenses, interest--both prejudgment interest and post-judgment interest -- permitted by the law and facts applicable in this case.

Plaintiff Michael Woods respectfully prays that he be awarded judgment against defendants in an amount that will fully and fairly compensate him for the loss of martial consortium he is legally permitted to recover in this law suit.

Respectfully submitted:

Patrick E. McFarland, P.L.L.C.
Patrick E. McFarland (W.Va. Bar # 4854)
Counsel for Plaintiff
3011 Murdoch Avenue
Parkersburg, WV  26101
(304) 424-6400
(304) 424-5179 -- Facsimile

21

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

Lois Woods, *et al.*,

      Plaintiff,

vs.

Wal-Mart Stores, Inc., *et al.*,

      Defendants.

Civil Action No. 18-C- **156**

Judge **Hummel**

## REQUEST FOR SERVICE

TO THE CLERK:

    You are hereby requested to ask the West Virginia Secretary of State to issue a

copy of the Summons and Complaint via certified mail return receipt requested to the

following respective defendants in the following manner, at the following respective

addresses:

Wal-Mart Stores, Inc.
708 SW 8th Street
Bentonville, AR 72718

and

Wal-Mart Stores, Inc.
CT Corporation System, Registered Agent
1627 Quarrier Street
Charleston, WV 25311-2124

and

Cott Corporation
4221 West Boy Scout Blvd., Suite 400
Tampa, FL 33607

and

Cott Beverages, Inc.
5519 West Idlewild Avenue
Tampa, FL 33634

2018 JUL. 25 PM 2:18

FILED

and

Cott Beverages, Inc.
Solutions, Inc., Registered Agent
555 Poca River Road, North
Poca, WV 25159

and

Refresco Group, N.V.
*via* Refresco Beverages US, Inc.
8112 Woodland Center Blvd.
Tampa, FL 33614

and

Refresco Beverages US, Inc.
8112 Woodland Center Blvd
Tampa, FL 33614

and

Refresco Beverages US, Inc.
Solutions, Inc., Registered Agent
555 Poca River Road, North
Poca, WV 25159

Respectfully Submitted:


Patrick E. McFarland (4854)
Patrick E. McFarland, PLLC
3011 Murdoch Avenue
Parkersburg, WV 26101
(304) 424-6400
Attorney for Plaintiff

# CIVIL CASE INFORMATION SHEET
## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

Lois Woods
618 Middlegrave Creek Road
Moundsville, WV  26041

and

Michael Woods
618 Middlegrave Creek Road
Moundsville, WV  26041

         Plaintiffs,

vs.

Civil Action No. 18-C- *156*
Judge *Hummel*

| | | |
|---|---|---|
| Wal-Mart Stores, Inc.<br>708 SW 8th Street<br>Bentonville, AR  72718<br>Also Serve On:<br>Wal-Mart Stores, Inc.<br>CT Corporation System, Registered Agent<br>1627 Quarrier Street<br>Charleston, WV  25311-2124 | Days to Answer<br>30<br><br><br><br>Same | Type of Service<br>Certified Mail<br>Delivery Restricted<br>to Addressee<br><br>Same |

and

| | | |
|---|---|---|
| Cott Corporation<br>4221 West Boy Scout Blvd., Suite 400<br>Tampa, FL  33607 | Days to Answer<br>30 | Type of Service<br>Certified Mail<br>Delivery Restricted<br>to Addressee |

and

| | | |
|---|---|---|
| Cott Beverages, Inc.<br>5519 West Idlewild Avenue<br>Tampa, FL  33634<br>Also Serve On:<br>Cott Beverages, Inc.<br>Solutions, Inc., Registered Agent<br>555 Poca River Road, North<br>Poca, WV  25159 | Days to Answer<br>30<br><br><br>Same | Type of Service<br>Certified Mail<br>Delivery Restricted<br>to Addressee<br>Same |

**THIS FORM IS BEING FILED WITH: Complaint**

| Lois Woods, *et al.* v Wal-Mart Stores, Inc., *et al.* | CASE NUMBER: 18-C- |
|---|---|

and

| | | |
|---|---|---|
| Refresco Group, N.V. via Refresco Beverages US, Inc. 8112 Woodland Center Blvd. Tampa, FL  33614 | Days to Answer 30 | Type of Service Certified Mail Delivery Restricted to Addressee |

and

| | | |
|---|---|---|
| Refresco Beverages US, Inc. 8112 Woodland Center Blvd. Tampa, FL  33614 | Days to Answer 30 | Type of Service Certified Mail Delivery Restricted to Addressee |
| Also Serve On: Refresco Beverages, Inc. Solutions, Inc. Registered Agent 555 Poca River Road, North Poca, WV  25159 | Same | Same |

Defendants.

II. TYPE OF CASE

| TORTS | OTHER | CIVIL |
|---|---|---|
| Asbestos | Adoption | Appeal From Magistrate Court |
| Professional Malpractice | Contract | Petition for Modification of Magistrate Sentence |
| Personal Injury | Real Property | Miscellaneous Civil |
| ***Product Liability*** | Mental Health | Other – Injunctive Relief |
| Other Tort | Appeal of Administrative Agency | |

III.   JURY DEMAND:   YES _____   NO __**X**__
CASE WILL BE READY FOR TRIAL BY:  December 1, 2019

**THIS FORM IS BEING FILED WITH: Complaint**

| Lois Woods, *et al.* v Wal-Mart Stores, Inc., *et al.* | CASE NUMBER: 18-C- |
|---|---|

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE
REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?

YES _____ NO __**X**___
IF YES, PLEASE SPECIFY:
      A)  Wheelchair accessible hearing room and other facilities
      B)  Interpreter or other auxiliary aid for the hearing impaired
      C)  Reader or other auxiliary aid for the visually impaired
      D)  Spokesperson or other auxiliary aid for the speech impaired
      E)  Other:

Firm:      Patrick E. McFarland, P.L.L.C.
            Patrick E. McFarland (WV Bar # 4854)
Address:  3011 Murdoch Avenue
            Parkersburg, WV 26101
            (304) 424-6400 – Telephone
            (304) 424-5179 – Facsimile
            pat@patmcfarlandlaw.com
            Attorney for Plaintiffs

Signature: _____       Dated:  July 25, 2018
            Patrick E. McFarland

**THIS FORM IS BEING FILED WITH: Complaint**

| Lois Woods, *et al.* v Wal-Mart Stores, Inc., *et al.* | CASE NUMBER: 18-C- |